**Garth MAAG, Plaintiff–Appellee,**

v.

**Richard WESSLER; Valley County, Montana, Defendants– Appellants.**

**No. 92–36657.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 1993.*

Decided May 24, 1993.

Joseph M. Sullivan, Emmons & Sullivan, Great Falls, MT, for defendants-appellants.

Don M. Hayes, Herndon, Hartman, Sweeney & Halverson, Billings, MT, for plaintiff-appellee.

Before: WALLACE, Chief Judge, O'SCANNLAIN, and LEAVY, Circuit Judges.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4.

LEAVY, Circuit Judge:

In our previous amended opinion, *Maag v. Wessler,* 960 F.2d 773 (9th Cir.1992), we remanded to the district court for consideration of the appellants' request for attorney fees under 42 U.S.C. § 1988. Upon remand, the district court issued an order that required the defendants to submit a motion and a brief in support of their request for attorney's fees. On July 16, 1992, the district court entered an order denying the motion for attorneys' fees. The order stated simply "IT IS HEREBY ORDERED that Defendants' Motion, requesting the Court for an award of a reasonable attorney's fees pursuant to 42 U.S.C. § 1988, be, and the same hereby, is denied." The final judgment was entered on July 24, 1992, against the plaintiff, Garth Maag, and for the defendants. In accordance with the order of July 16, 1992, no attorney's fees were awarded to the defendants. Two of the defendants, Deputy Richard Wessler and his employer, Valley County, Montana, timely appeal from the final judgment.[1] Deputy Wessler and Valley County argue that the district court abused its discretion by: (1) failing to articulate any reason for its denial of fees, and (2) denying their request for attorney fees under the law of this case as we previously determined it in *Maag,* 960 F.2d 773.

## DISCUSSION

### The Law Regarding a Defendant's Entitlement to Attorney's Fees Under Section 1988

We have explained the circumstances under which a prevailing defendant is entitled to attorney's fees:

Under 42 U.S.C. § 1988, a district court may award attorney's fees to a prevailing defendant only in limited circumstances. A prevailing defendant in a civil rights action is entitled to an attorney's fees award where plaintiff's action, even though not brought in subjective bad faith, is " 'frivolous, unreasonable, or without foundation.' " *Parks v. Watson,* 716 F.2d 646, 664 (9th Cir.1983) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421,

98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)); *see Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980). *Jensen v. Stangel,* 762 F.2d 815, 817 (9th Cir.1985).

We review attorney's fees awards for an abuse of discretion. *Id.* Under the abuse of discretion standard, we may not reverse unless we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *United States v. Plainbull,* 957 F.2d 724, 725 (9th Cir.1992) (reviewing dismissal on abstention grounds); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,* 854 F.2d 1538, 1546 (9th Cir.1988) (per curiam) (reviewing imposition of discovery sanctions). We cannot simply substitute our judgment for that of the lower court. *United States v. Egbuniwe,* 969 F.2d 757, 761 (9th Cir.1992).

### Whether the District Court Was Required to State Its Findings

Citing *Jordan v. Multnomah County,* 815 F.2d 1258, 1261 (9th Cir.1987), the appellants contend the district court was required to state the reasons for its denial of an award of attorney's fees. However, findings are unnecessary to sustain a denial of attorney's fees under section 1988. A court may grant attorney's fees to a defendant under section 1988 only under the limited circumstances where the action is "frivolous, unreasonable, or without foundation." *Stangel,* 762 F.2d at 817. Therefore, it is implicit in a denial of attorney's fees to a defendant that a court has found that the action was not frivolous, unreasonable, or without foundation.

*Jordan v. Multnomah County* is distinguishable. In that case, the issue was the reasonableness of a district court's *grant* of attorney's fees to a prevailing *plaintiff.* Because the "district court has discretion in determining the amount of a fee award," *Jordan,* 815 F.2d at 1263 n. 11, courts were required to apply the twelve factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d

---

1. No appeal was taken by Officers Boyer or Sukut or the City of Glasgow, Montana.

67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), as a guide to determining the proper amount of the fee award. Therefore, in *Jordan,* we held that the failure to apply the *Kerr* factors was an abuse of discretion. *Id.* at 1263–64 & n. 11. It is an entirely different matter when a court denies the request of a prevailing defendant for an award of fees under section 1988: simply put, there are no factors to consider other than whether the action was frivolous, unreasonable, or without foundation. Such a denial is within the distinct province of a district court because it has superior knowledge of the facts:

> Not infrequently, the question [of whether attorney's fees should be awarded] will turn upon not merely what was the law, but what was the evidence regarding the facts. By reason of settlement conferences and other pretrial activities, the district court may have insights not conveyed by the record, into such matters as whether particular evidence was worthy of being relied upon, or whether critical facts could easily have been verified....

*Pierce v. Underwood,* 487 U.S. 552, 560, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988) (discussing awards of attorney's fees under the EAJA).

### Whether the District Court Abused Its Discretion by Denying an Award of Attorney's Fees

■ The appellants argue that when we remanded for the district court to consider the request for attorney's fees, the court was bound by the law of the case,[2] including our conclusion that "[t]here is *nothing in the record* to indicate the officers acted with less than reasonable good faith. Therefore, they are immune." *Maag,* 960 F.2d at 776 (emphasis added). Because of our statement,

the appellants contend that "the record is devoid of any facts upon which Maag could make his 42 U.S.C. § 1983 claim. The District Court is foreclosed from concluding anything different."

The appellants misapprehend the basis of our previous decision. We disposed of the case on the doctrine of immunity rather than on the merits of Maag's claim. *See Maag,* 960 F.2d at 774 ("We hold that the officers are immune because there was probable cause to take Maag into custody."). We have said:

> Under *Pierson v. Ray,* 386 U.S. 547 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967), police officers have a qualified immunity under section 1983 such that they are shielded from liability if they reasonably believe in good faith that their actions are constitutional. *Id.* at 557 [87 S.Ct. at 1219]. Thus, to recover the plaintiff must clear two hurdles: probable cause must be shown not to have existed [and] the officers must be shown not to have reasonably believed in good faith that probable cause did exist. It is necessary that police officers be immune when they reasonably believe that probable cause existed, even though it is subsequently concluded that it did not, because they "cannot be expected to predict what federal judges frequently have considerable difficulty in deciding and about which they frequently differ among themselves."

*Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir.1981) (citations omitted) (quoting *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 456 F.2d 1339, 1349 (2d Cir.1972) (Lumbard, J., concurring)), *cert. denied,* 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982).

Thus, we determined whether the officers had probable cause and acted in good faith in detaining Maag.[3] Because a *"policeman's*

---

**2.** The law of the case doctrine states that the decision of an appellate court on a legal issue " 'must be followed in all subsequent proceedings in the same case.' " *Waggoner v. Dallaire,* 767 F.2d 589, 593 (9th Cir.1985) (quoting *Planned Parenthood v. Arizona,* 718 F.2d 938, 949 (9th Cir.1983)), *cert. denied,* 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 601 (1986).

**3.** The doctrine of qualified immunity does not require that probable cause to detain exist:

"[e]ven absent probable cause, qualified immunity is available if a reasonable police officer could have believed that his or her conduct was lawful, in light of clearly established law and the information the searching officers possessed." *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1443 (9th Cir. 1991) (citing *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

on-the-scene assessment of probable cause provides legal justification for [detaining] a person ... and for a brief period of detention to take the administrative steps incident to [detention]," *Gerstein v. Pugh,* 420 U.S. 103, 113–14, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975) (emphasis added), we did not consider Maag's version of the facts in deciding whether there was immunity. Our discussion of the facts from the officers' viewpoint for purposes of immunity was not intended to express any views on the merits of Maag's claim. For all we know, from Maag's perspective, he had a legitimate contention that he was not mentally ill and that he was victimized by his wife and others with the aid of the police. Therefore, law of the case doctrine is not applicable.

We conclude that the district court did not abuse its discretion in denying the request for attorney's fees. We have never found a district court's *refusal* to award attorney's fees to a prevailing civil rights defendant to be an abuse of discretion. Given the Supreme Court's admonition that attorney's fees may be awarded to civil rights *defendants* only in exceptional circumstances, *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), it is difficult to imagine what basis we might state for finding such an abuse. Moreover, the fact that Judge Hatfield denied the appellants' motion for summary judgment suggests that Maag's claims were not without merit. *See Stangel,* 762 F.2d at 818. Finally, "the fact that a plaintiff may ultimately lose his [civil rights] case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam).

AFFIRMED.