8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry D. SMITH, Defendant-Appellant.
 No. 92-30413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided Sept. 20, 1993.
 
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry Smith was convicted of conspiracy, fraud, and bank fraud involving some $15 million worth of Texas real estate acquisition and development loans. We affirmed his conviction and prison sentence, United States v. Smith, 891 F.2d 703 (9th Cir.1989), amended by order, 906 F.2d 385 (9th Cir.), cert. denied, 498 U.S. 811 (1990), but remanded the district court's separately entered restitution order for redetermination of the proper credit to be applied to the collateral properties involved. United States v. Smith, 944 F.2d 618 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). The district court recalculated and reduced the total amount of its earlier restitution order by some $2.1 million, but declined to reach the merits of Smith's argument that bank loan fees should not have been included in the final restitution order. Smith has again appealed, and we affirm.
 
 I. Restitution Order
 Our remand instructions were that
 
 3
 Smith should receive credit against the restitution amount for the value of the collateral property as of the date title to the property was transferred to either Savings & Loan or Gibraltar.... Value should therefore be measured by what the financial institution would have received in a sale as of that date. Any reduction in value after Smith lost title to the property stems from a decision by the new owners to hold on to the property; to make Smith pay restitution for that business loss is improper.
 
 
 4
 United States v. Smith, 944 F.2d at 625. The essence of Smith's argument is that the district court erred by relying on a July 1992 "retroactive" appraisal instead of contemporaneous appraisals and actual prices paid by the foreclosing bank. We reject this contention.
 
 
 5
 Some of the so-called contemporaneous appraisals relied on by Smith were based in part on a very few actual--and a great many projected--sales of undeveloped property in a boom or bust market that was fairly flat in terms of sales and volatile in terms of wildly fluctuating values. Moreover, many of the figures Smith relies on were derived from sales and valuations that occurred well outside the relevant time frame. Finally, the 1992 retroactive appraisal was, if not the only evidence presented to the district court on the issue of the collateral properties' values as of the time in question, certainly the most sophisticated appraisal of the properties in question.
 
 
 6
 In light of these considerations, we cannot say that the district court's revised determination of the collateral properties' total value is not supported by a preponderance of the evidence, or that the court abused its discretion by ruling as it did. See United States v. Parrott, 992 F.2d 914, 916 (9th Cir.1993).
 
 II. Law of the Case
 
 7
 "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." Maag v. Wessler, 993 F.2d 718, 720 n. 2 (9th Cir.1993) (citations and internal quotation omitted).
 
 
 8
 Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition.
 
 
 9
 Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990). See also Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.) ("[O]ne panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.") (citations and internal quotations omitted), cert. denied, 113 S.Ct. 2443 (1993).
 
 
 10
 The district court's original restitution order expressly included loan fees, and we affirmed that order "in all respects except for its valuation of the property used as collateral in the fraudulent transactions[,]" remanding solely "for the calculation of a restitution award that incorporates a credit for the proper value of collateral received in partial payment on the defaulted loans, plus prejudgment interest." United States v. Smith, 944 F.2d at 626. Because the question of loan fees had already been decided, at least by necessary implication, the district court did not err by declining to revisit the issue.
 
 
 11
 Because we find no merit to any of Smith's remaining contentions, the decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be ited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3