15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jonathan ACOSTA; Edward C. Acosta, Plaintiffs-Appellants,
v.
CHINO UNIFIED SCHOOL DISTRICT, a municipal entity; Larry
Gillespie, in his capacity as a school administrator and
teacher, respectively of the School District; Craig Miller,
in his "Official" capacity as school administrator and
teacher, and an individual, respectively, of course, of the
School District, Defendants-Appellees.
Jonathan ACOSTA; Edward C. Acosta, Plaintiffs-Appellees,
v.
CHINO UNIFIED SCHOOL DISTRICT, a municipal entity; Larry
Gillespie, an individual in his capacity as a
school administrator and teacher,
respectively of the School
District,
Defendants-Appellants.
 Nos. 92-55803, 92-56463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided Feb. 8, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 Memorandum*
 
 
 2
 Jonathan Acosta, a minor, and his father Edward C. Acosta appeal the district court's summary judgment for the Chino Unified School District (the "School District") and Vice Principal, Larry Gillespie ("Gillespie"), in their 42 U.S.C. Sec. 1983 action, alleging that Jonathan's civil rights were violated when he was arrested and criminally prosecuted for striking a teacher in the arm. The School District and Gillespie cross-appeal the district court's denial of their request for attorneys' fees. We have jurisdiction over both the appeal and the cross-appeal under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On February 27, 1989, Appellant Jonathan Acosta ("Acosta") hit his teacher, Craig Miller ("Miller"), when Miller attempted to end a fight between Acosta and a fellow student. Miller reported the incident to Vice Principal Gillespie, who then spoke with Acosta and obtained written statements from both Miller and Acosta. Gillespie reported the incident to the police and gave them the written statements. Miller placed Acosta under citizen's arrest. Acosta was convicted of battery in juvenile court, and the conviction was affirmed on appeal.
 
 
 4
 The School District recommended that Acosta be expelled pursuant to a Board of Education policy for willfully defying the valid authority of a teacher, in violation of Cal.Educ.Code Sec. 48,900(k). The School District Expulsion Hearing Administrative Panel (the "Panel") held a hearing at which both Acosta and the School District were represented by attorneys, and all witnesses were under oath. (Expulsion Hearing, ER 195-96). The Panel gave Acosta the opportunity to present any type of evidence on his behalf and to cross-examine the School District's witnesses. (Expulsion Hearing, ER 197). The Panel made the following findings of fact: (1) police were called, as required by state law, because Acosta hit Miller; (2) "Miller was not reluctant to place Acosta under citizen's arrest" after he was told about the School District policy on contacting the police when teachers are struck; and (3) "[t]here is no evidence of any personal vendetta or bias against Acosta or his father by [School] District personnel." (Memo of Points & Auth's for Motion for Summary Judg., Exhibit A, Findings 25-27, ER 47). The Panel recommended that the Board of Education expel Acosta from the School District but suspend the expulsion order and then expunge the expulsion if Acosta complied with certain conditions. (ER 48).
 
 
 5
 Acosta filed a complaint in district court, alleging that the School District and Gillespie violated his first amendment rights when they had him arrested and prosecuted to retaliate for a prior lawsuit between his father Edward Acosta and the City of Chino. Edward Acosta is a security officer for the School District; he retired from police work for the Chino Police Department as part of a settlement of a large civil rights action against the city and the department. (E. Acosta Decl., ER 174-75).
 
 
 6
 The School District and Gillespie filed a motion for summary judgment. In their moving papers, they conceded that Edward Acosta had filed a prior lawsuit and that Gillespie knew about it when he acted. (Reply to Opposition to Motion for Summary Judgment, ER 301). However, they presented evidence that Gillespie treated Acosta in a manner consistent with School District policy and that Edward Acosta's prior lawsuit did not influence Gillespie's conduct: It was standard School District policy and a state law requirement that Gillespie, as Miller's supervisor, report to the police any incident of a student striking a teacher. (Gillespie Decl. p 7, ER 291); Cal.Educ.Code Sec. 44,014(a) (failure to report to the police is a misdemeanor); (E. Acosta Decl., ER 174). Even Acosta conceded that he did not know of any case where a student who struck a teacher was not prosecuted. (Acosta Depo., ER 102). According to Gillespie's declaration, he never spoke to Miller about Edward Acosta's lawsuit. (Gillespie Decl. p 11, ER 292). Gillespie maintained that he did not pressure Miller to arrest Acosta; he merely told Miller that the officers thought arrest was appropriate and wanted Miller to make the arrest because they did not witness the incident. (Gillespie Decl. p 11, ER 292; (Expulsion Hearing, ER 211, 243). Edward Acosta knew of no reason why Gillespie would feel any animosity or malice toward him. (E. Acosta Decl., ER 175).
 
 
 7
 To oppose the motion for summary judgment, Acosta presented the following evidence: (1) Officer Jones said that Gillespie told him, in a lowered voice, that Acosta's father is Edward Acosta. (ER 257); (2) Officer Reese said that Gillespie told the officers that Acosta's father works for the School District. (ER 260); (3) California law gives the School District discretion to cite and release a student rather than arrest him in these circumstances. (E. Acosta Decl., ER 174); (4) Gillespie falsely denied that he told the officers that Edward Acosta was Acosta's father and that he spoke with Miller when Miller was deciding whether to arrest Acosta. (Gillespie Decl., paragraphs 9-11, ER 291-92); and (5) According to Officer Reese, Miller hesitated to arrest Acosta, incorrectly believing that it was the School District's responsibility. In Reese's opinion, Miller agreed to make an arrest because Gillespie insisted he did so during a private conversation with Miller. (Expulsion Hearing, ER 242-43).
 
 
 8
 The district court held a hearing and granted the motion for summary judgment, agreeing with the School District and Gillespie that Acosta failed to demonstrate a genuine issue for trial. The district court also stated that Acosta was collaterally estopped from relitigating factual findings from the administrative hearing, and therefore estopped from claiming unconstitutional retaliation.[1] The School District and Gillespie then filed a motion for attorneys' fees under 42 U.S.C. Sec. 1988, which the district court denied. Acosta appeals and the School District and Gillespie cross-appeal.
 
 ANALYSIS
 1. Acosta's Appeal
 
 9
 We review de novo the district court's grant of summary judgment. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Viewing the evidence in the light most favorable to Acosta, as the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993).
 
 
 10
 When a defendant files a motion for summary judgment, he has the burden to demonstrate that there are no genuine issues of material fact on the plaintiff's claims. To withstand the defendant's motion, the plaintiff "must produce specific facts showing that there remains a genuine factual issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (citations omitted). In particular, the plaintiff must present affirmative evidence to establish all matters on which he has the burden of proof at trial. And, the plaintiff's evidence must be sufficient to enable a jury to return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 11
 Acosta's claim is a first amendment retaliation claim: He contends that Gillespie (and the School District, vicariously) obtained Acosta's arrest and criminal prosecution to retaliate against Edward Acosta on the basis of protected speech. Under the first amendment, Edward Acosta has a right of access to the courts. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). Deliberate retaliation against him for exercising this right is actionable under Sec. 1983. Id. Yet, Acosta can establish unconstitutional retaliation only if he produces evidence to show a causal connection between his arrest/prosecution and his father's lawsuit. In particular, he must prove "that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision." Id. (quoting Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)) (reversing summary judgment where plaintiffs provided several facts supporting an inference that the defendants intended to retaliate against them for filing a lawsuit when the defendants suspended plaintiffs' permits); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir.1990) (triggering a balancing test in employment cases), cert. denied, 112 S.Ct. 417 (1991).[2] We affirm summary judgment, because Acosta did not produce sufficient evidence that Gillespie's conduct was motivated by unlawful retaliation. Acosta presented no evidence that Gillespie ever spoke about the prior lawsuit with anyone, no evidence that Gillespie felt any animosity toward Edward Acosta, and no evidence that Gillespie breached legitimate School District policy by his conduct. And, even if we believe Acosta that Gillespie made certain false statements, none of them sufficiently suggest a retaliatory motive.
 
 
 12
 2. Cross-Appeal by the School District and Gillespie
 
 
 13
 The district court denied the motion by the School District and Gillespie for attorneys' fees under 42 U.S.C. Sec. 1988 (attorneys' fees to prevailing party in federal civil rights lawsuit). We review the district court's ruling for an abuse of discretion. See Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992). To award attorneys' fees under 42 U.S.C. Sec. 1988 to a prevailing defendant, the district court must find that the plaintiff's action was "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). If it makes this finding, the court may, in its discretion, award attorneys' fees to the prevailing defendant. Id. We have never found that a district court abused its discretion by refusing to award attorneys' fees to a prevailing civil rights defendant. Maag v. Wessler, 993 F.2d 718, 721 (9th Cir.1993). Even though the evidence to support Acosta's first amendment retaliation claim was rather thin, the district court did not abuse its discretion by denying the motion.
 
 3. Attorneys' Fees on Appeal
 
 14
 Both parties request that we award their attorneys' fees on appeal, based on 42 U.S.C. Sec. 1988. Because Acosta is not a prevailing party in his Sec. 1983 action, we deny his attorneys' fees request. In the exercise of our discretion, we also deny the request from the School District and Gillespie.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is some ambiguity as to whether the district court relied on claim preclusion as a second, independent ground for its decision. In a tentative ruling, the district court stated that findings 24-27 from the administrative hearing ruled out retaliation as the motive, and that the findings are entitled to preclusive effect. (5/r/92 RT, p. 4). In its final ruling, the district court stated only that "[t]he court finds no controverted issues of material fact." (ER 282). Due to our conclusion that Acosta has not demonstrated a genuine issue of material fact, it is unnecessary to reach the collateral estoppel issue
 
 
 [2]
 The School District and Gillespie urge us to apply the analysis used in selective prosecution and enforcement cases. We could reach the same result by applying these cases. See, e.g., United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir.1993) (in selective prosecution case, requiring evidence that "others similarly situated have not been [arrested or] prosecuted, and ... that the [arrest and] prosecution [are] based on an impermissible motive"). Retaliation analysis under Title VII is also similar. Ruggles v. California Polytechnic State Univ., 797 F.2d 782, 785 (9th Cir.1986) (listing the elements of a prima facie case of retaliation under Title VII--(1) plaintiff is engaged in protected activity, (2) plaintiff suffered adverse treatment, and (3) there was a causal link between the protected activity and the adverse treatment)