92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anna M. DOUGLAS, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, FRANCHISE TAX BOARD, Defendant-Appellee.
 No. 93-56229, 95-55110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided July 31, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Douglas contends that the district court applied the incorrect standard in its analysis of her summary judgment claim. Specifically, she argues that the court should have applied a standard applicable to discriminatory discipline rather than to discriminatory discharge. She argues that an employee discharged for disciplinary reasons is unable to satisfy the discriminatory discharge prima facie test even in cases of extreme disciplinary discrimination. Douglas insists that the court should have adopted one of the prima facie discharge models established by the Fourth, Fifth, or Eleventh Circuits which take into consideration the special requirements of a discipline case.
 
 
 3
 * We are not persuaded that there was a triable issue of fact as to Douglas' claims. Although able to establish that she was a member of a protected class, she was unable to satisfy the element that she was performing her job well since she had a long history of misconduct and had been reprimanded more than once. Furthermore, she would be unable to satisfy the critical factor she contends controls: other employees engaged in similar acts of wrongdoing of comparable seriousness were nevertheless retained.
 
 
 4
 Douglas' attempt would be unsuccessful for two reasons. First, the evidence she submitted on this point was inadmissible. Her affidavit contending that white employee Pat Parker received less discipline is inadmissible because it is not based on personal knowledge. As for the EEOC report containing the same information, it is hearsay, and Douglas failed to try to get it into evidence under possible exceptions.
 
 
 5
 Even if the information regarding Ms. Parker were admissible, Douglas would still be unable to satisfy the element because it requires that the violations be of comparable seriousness. Ms. Parker was reprimanded twice for accessing the tax files of her brother and her ex-husband. She received three days suspension. In contrast, Douglas was reprimanded for accessing at least 7 files and as many as 200. She then used that information in a number of ways, including threatening individuals with whom she had a legal dispute. Her former supervisor, Charles Parker, testified that on several occasions between 1985 and 1989, he was forced to counsel Douglas informally against using FTB time and facilities to conduct her outside employment activities. He also testified that on at least two occasions during that time, he was forced to draft, present, and discuss with Douglas corrective memorandums that delineated her repeated violations of FTB policy. Douglas' misconduct forced Parker to change the office policy by which tax collectors requested taxpayers' returns from the Sacramento, California facility where returns were stored. Douglas' case and that of Ms. Parker are not of comparable seriousness.
 
 
 6
 Conversely, FTB established through affidavits of employees with personal knowledge that it compared Douglas' case to those of other employees engaged in similar misconduct. The district court correctly came to the same conclusion reached in the Skelly hearing, appeal, and EEOC investigation. Under no standard could Douglas establish a triable issue of fact. The district court properly ruled for FTB.
 
 II
 
 7
 A district court's award of attorneys' fees in a Title VII action generally is reviewed according to an abuse of discretion standard. Equal Employment Opportunity Comm'n v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir.1993). The legal standards employed by the district court in awarding fees, however, are reviewed de novo. Id. (citing Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir.1987)).
 
 
 8
 FTB contends that the district court abused its discretion by failing to identify the legal standard it employed in denying FTB's motion for attorneys' fees. Specifically, FTB argues that the district court's failure to identify the legal standard it employed renders FTB unable to articulate a basis for appellate review.
 
 
 9
 In 1978, the United States Supreme Court held that a district court may "[a]ward attorneys' fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though the action was not brought in subjective bad faith." Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421-422 (1978).
 
 
 10
 FTB cites Patton v. County of Kings, 857 F.2d 1379 (9th Cir.1988), for the proposition that "a district court's failure to provide any explanation regarding its conclusion that plaintiff's suit is frivolous necessitates remand ... [unless] there is a reasonable view of the record to support [the court's result]." Id. at 1381. FTB analogizes Patton to the present case and urges that a district court's failure to provide any explanation for holding that a plaintiff's suit is not frivolous similarly necessitates remand.
 
 
 11
 No Ninth Circuit case draws such an analogy. In fact, in Maag v. Wessler, 993 F.2d 718 (9th Cir.1993), we affirmed a district court's denial of attorney's fees to a prevailing defendant despite the district court's failure to articulate its reason for doing so. Maag held that findings are unnecessary to sustain a denial of fees under 42 U.S.C. § 1988,[1] stating that "it is implicit in a denial of attorney's fees that a court has found that the action was not frivolous, unreasonable, or without foundation." Id. at 719. Maag specifically distinguished Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir.1987), which required the district court to state its reasons for granting attorney's fees to a prevailing plaintiff. The wide discretion which is granted a district court in determining fee awards, and which requires the application of particular factors as a guide to determining the proper balance of the award, is absent in cases denying fees:
 
 
 12
 It is an entirely different manner when a court denies the request of a prevailing defendant for an award of fees under section 1988: simply put, there are no factors to consider other than whether the action was frivolous, unreasonable, or without foundation. Such a denial is within the distinct province of a district court because it has superior knowledge of the facts.
 
 
 13
 993 F.2d at 720. Providing an explanation of standards in cases granting attorney's fees to successful defendants stems from the concern that there not be a chilling effect on plaintiffs' discrimination claims. Thus, when a district court denies attorney's fees to a prevailing defendant, the need for an articulation of standards and findings is less compelling.
 
 
 14
 In any event, the Ninth Circuit declines to reverse a district court's order unless, from the record as a whole, it can be said the district court misperceived or misapplied the relevant rule of law or abused its discretion. W.L. Gore & Assoc., Inc. v. International Medical Prosthetics Research Assoc., Inc., 745 F.2d 1463, 1465-1466 (Fed.Cir.1984) (applying Ninth Circuit law). The failure to articulate the standard used here does not require remand because the record as a whole suggests that Douglas' claim was not frivolous. There was no abuse of discretion in denying attorney's fees to FTB.
 
 III
 
 15
 We affirm both the district court's grant of summary judgment for the California Franchise Tax Board and the district court's denial of FTB's motion for attorney's fees as the prevailing party.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Attorney's fees claims pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k) are analyzed under the same standard. Both provisions give a court the discretion to award attorney's fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action is "frivolous, unreasonable, or without foundation." Christianburg, 434 U.S. at 421