106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Helen CONKWRIGHT, as surviving spouse of William Conkwright,
deceased, and on her own behalf, Plaintiff-Appellee,
v.
A C & S Inc., Defendant,
and
Atlas Turner, Inc., Defendant-Appellant.
Bernard SIMBURGER; Roxie Simburger, husband and wife,
Plaintiffs-Appellees,
v.
CELOTEX CORPORATION, Defendant,
and
Atlas Turner, Inc., Defendant-Appellant.
Harold E. STRAUB, Plaintiff-Appellee,
v.
ATLAS TURNER, INC., Defendant-Appellant.
 Nos. 95-16049, 95-16086 and 95-16101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Nov. 07, 1996.
 
 1
 Before: WOOD,* SCHROEDER, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Atlas Turner, Inc. appeals the district court order denying its motion to set aside default judgments entered in three related cases. We affirm.
 
 I.
 
 4
 In Straub v. A.P. Green, 38 F.3d 448 (9th Cir.1994) (Straub I ), this court held that the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 et seq., applied since Atlas was wholly owned by a Canadian instrumentality. The court adopted the "substantial compliance" test for service of process and remanded for the district court to decide whether Atlas had received "actual notice" of the lawsuit at the time service was attempted. Straub, 38 F.3d at 455. The other two cases were remanded for the same reason.
 
 
 5
 Upon remand, the district court made a number of factual findings. The summonses and complaints had been sent by registered mail to Atlas's corporate headquarters in Canada. "C. Benoit" signed the mail receipts as the addressee and "Burillo" signed them as the employee of the office of destination. In September of 1986, C. Benoit worked as a receptionist and secretary at Atlas. Ms. Benoit received supervision from Atlas' comptroller and worked for the Vice President of Sales and Marketing. As part of her job duties, Ms. Benoit received the mail. Based upon these findings, the district court concluded that Atlas had received actual notice of the complaints.
 
 
 6
 Atlas contests several of the district court's factual findings. Since they are all supported by the record, we decline to find any of them to be clearly erroneous.
 
 
 7
 Atlas also disputes the district court's ruling that Atlas received actual notice of the complaints. We find that the district court properly placed the burden of proof upon plaintiffs. Further, this court cannot fault the district court's conclusion that Atlas received actual notice of the lawsuits as a result of plaintiffs' attempted service, particularly since a determination of actual notice is a highly fact-bound inquiry. See Perry v. O'Donnell, 749 F.2d 1346, 1353 (9th Cir.1984).
 
 II.
 
 8
 Atlas also contends that the district court erred by failing to follow the "law of the case" as set forth in Straub I. The law of the case doctrine prevents a court from relitigating an issue previously decided by the same or higher court in the identical case. Maag v. Wessler, 993 F.2d 718, 720 n. 2 (9th Cir.1993).
 
 
 9
 In Straub I, this Court disapproved of the district court's finding that Atlas had actual notice. However, the court remanded for further consideration of actual notice since it was not a dispositive issue before the district court. Straub, 38 F.3d at 454. The law of the case doctrine does not apply because the district court considered substantially different facts on remand. Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715-16 (9th Cir.1990).
 
 CONCLUSION
 
 10
 We AFFIRM the order of the district court.
 
 
 
 *
 Hon. Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3