NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY QUACKENBUSH; MARISSA FEENEY; ANNE PELLETTIERI, Individually and On Behalf of All Others Similarly Situated, <br><br>   Plaintiffs - Appellants, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., a California corporation; HONDA MOTOR CO., LTD., a foreign corporation, <br><br>   Defendants - Appellees. | No. 24-33 <br><br> D.C. No. 3:20-cv-05599-WHA <br><br> MEMORANDUM* |
| MARY QUACKENBUSH; MARISSA FEENEY; ANNE PELLETTIERI, <br><br>   Plaintiffs - Appellees, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC.; HONDA MOTOR CO., LTD., <br><br>   Defendants - Appellants. | No. 24-40 <br><br> D.C. No. 3:20-cv-05599-WHA |

Appeal from the United States District Court

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 7, 2025
Pasadena, California

Before: TALLMAN, CLIFTON, and CHRISTEN, Circuit Judges.

Plaintiff-Appellants ("Plaintiffs") are two classes of Honda vehicle owners who allege that Defendant-Appellee American Honda Motor Co., Inc. ("Honda") injured them by failing to disclose the existence of a faulty engine part, the VTC actuator, upon purchase of their vehicles. As the parties are familiar with the facts of this case we recount them here only as necessary.

The District Court certified two Illinois classes: the Illinois Repair Class and the Illinois New and Used Purchaser Class.[1] Members of the Illinois Repair Class purchased cars that contained the VTC actuator defect, the defect manifested, and they paid out-of-pocket to have the VTC actuator repaired. Members of the Illinois New and Used Purchaser Class purchased cars that contained the VTC actuator defect, but they did not pay out of pocket to have it repaired. The case proceeded to a jury trial. Both parties timely appealed a variety of issues. We have jurisdiction and we affirm. *See* 28 U.S.C. § 1291.

---

[1] The District Court also certified a third class of purchasers in California. The jury returned a verdict in favor of Honda on the claims of that class. The judgment entered on that verdict is not before us because it has not been appealed.

24-40

1. The District Court did not err in granting summary judgment to Honda for the Illinois New and Used Purchaser Class's Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) claims. *See Idaho Conservation League v. Poe*, 86 F.4th 1243, 1246 (9th Cir. 2023). Illinois benefit-of-the-bargain damages do not contemplate using repair costs as a proxy for diminution of value where the latent defect will never materialize for the majority of the class. *See Posner v. Davis*, 395 N.E.2d 133, 137–38 (Ill. App. Ct. 1979). And, as the District Court pointed out, using repair costs to calculate damages would provide a windfall to most members of the class. So, the District Court did not err in granting summary judgment to Honda on the Illinois New and Used Purchaser Class's ICFA claims.

2. The District Court did not abuse its discretion by reducing Plaintiffs' asserted attorney's fees to reach its fee award. *Maag v. Wessler*, 993 F.2d 718, 719 (9th Cir. 1993). The District Court properly began its analysis with the Plaintiffs' asserted lodestar. *Aliano v. Transform SR LLC*, 167 N.E.3d 665, 678 (Ill. App. Ct. 2020). It then provided a "concise but clear explanation as to how it came up with" the attorney's fees award based on its "superior understanding of the litigation." *Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020). In reducing the fee award, the District Court relied on the fact that the Illinois Repair Class, the smallest of the three classes, was the only prevailing class at trial and that Plaintiffs' prevailing claims based on their cost to repair were "relatively simple within the context of this

3

24-40

litigation." While we fail to see why the size of the class should matter, the District Court ultimately reached a fee award that was over eighty-five percent of the total damages award. Thus, the District Court did not abuse its discretion in calculating its $1,207,072.88 fee award.

3. The District Court did not abuse its discretion by denying Illinois Repair Class representative Marissa Feeney's request for a class representative award. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards are discretionary, and Feeney did not meet any of the special factors courts evaluate when deciding whether to grant such awards. *Id.* at 958–59.

4. The District Court did not abuse its discretion by not including a safety instruction in its jury instruction on materiality under ICFA. *See Crowley v. Epicept Corp.*, 883 F.3d 739, 747–48 (9th Cir. 2018). Under ICFA, a defect can be material to Illinois consumers without affecting safety. *See Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 739–40 (7th Cir. 2017). Plaintiffs forwarded multiple theories of materiality under ICFA throughout the course of this litigation. So, Plaintiffs' decision at trial to move away from safety as their primary theory of materiality was not inconsistent with their previous litigation positions.

5. The jury's verdict that the defect was material under ICFA was supported by substantial evidence. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th

24-40

Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (July 15, 1999).  The jury was presented with evidence at trial of Honda's own years-long investigation into the VTC actuator rattle based on consumer complaints as well as testimony from Illinois Repair Class representative Feeney.  Thus, there was sufficient evidence on the record to support the jury's finding that Honda's omission regarding the VTC actuator defect would be material to a reasonable consumer under ICFA.

6. The jury's verdict that Honda knew the VTC actuator had a material defect throughout the class period is supported by substantial evidence.  *See Gilbrook*, 177 F.3d at 856.  The jury was presented with evidence at trial, through the form of internal Honda investigations and reports, that Honda knew of the defect before the first class vehicle was sold and continued to know the VTC actuator was defective throughout the class period.  There was thus substantial evidence to support the jury's verdict that Honda had the requisite knowledge throughout the class period.

7. The jury's verdict that the Illinois Repair class members were damaged was supported by substantial evidence.  *Id.*  The members of the Illinois Repair class all had vehicles which contained the VTC actuator defect, the defect manifested, and they paid to repair the defect out of pocket.  This was substantial evidence to support the jury's verdict that the Illinois Repair class members were damaged.

8. The District Court did not abuse its discretion by not excluding the

24-40

testimony of Plaintiffs' expert witness Michael Stapleford. *See Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017). The District Court did a proper analysis pursuant to Federal Rule of Evidence 702 and *Daubert* and found Stapleford's testimony to contain sufficient indicia of reliability as he followed nationally recognized and accepted research methods, conducted his research through a method approved by Honda, and reviewed thousands of pages of Honda's own research. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (April 27, 2010). It was not an abuse of discretion for the District Court to accept Stapleford's testimony as reliable, and as the District Court observed, Honda's concerns could have been addressed on cross-examination.

**AFFIRMED.**

24-40