Nicholas KUTSKA, Appellant,

v.

CALIFORNIA STATE COLLEGE, Department of Education, Commonwealth of Pennsylvania, George H. Roadman, President, Thomas Howard, Vice President, Philip Y. Coleman, Dean of Arts and Sciences.

No. 76–1958.

United States Court of Appeals,
Third Circuit.

July 15, 1977.

Nicholas Kutska, pro se.

Jack E. Solomon, Asst. Atty. Gen., Pittsburgh, Pa., for appellees.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Charles L. Reischel, Asst. Gen. Counsel, Vincent J. Blackwood, Atty., E. E. O. C., Washington, D. C., Daniel L. Segal, Ralph S. Spritzer, Philadelphia, Pa., amici curiae.

## OPINION OF THE COURT

Before GIBBONS and ROSENN, Circuit Judges, and HANNUM,* District Judge.

GIBBONS, Circuit Judge.

We here consider the motion by the defendants-appellees, California State College, Department of Education, Commonwealth of Pennsylvania, George H. Roadman, President, Thomas Howard, Vice President, and Philip Y. Coleman, Dean of Arts and Sciences, for the award of counsel fees. The plaintiff, Nicholas Kutska, brought suit in the United States District Court, charging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The gravamen of the charge was that he was denied tenure because of his Slavic national origin. The Attorney General of Pennsylvania appeared for the defendants and successfully defended the case in the District Court. Mr. Kutska appealed the dismissal of his suit, and the Attorney General filed a brief for the appellees. This court affirmed the dismissal of the Complaint by a judgment order on February 23, 1977. Thereafter, the Attorney General moved for an award of counsel fees to be paid to the Commonwealth. He relied on § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), which provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Mr. Kutska, who prosecuted his appeal *pro se,* made no response to the motion for an award of counsel fees. Research by the

panel to whom the motion was assigned found no legislative history or cases addressing the questions which it raised. There is no question of the authority of the Attorney General of Pennsylvania to appear and defend, not only on behalf of the College, a division of the Commonwealth government, but also on behalf of the individual state officer defendants. 71 P.S. § 292(a), (b). *See Vecchione v. Wohlgemuth,* 558 F.2d 150 (3d Cir. 1977). But no law has been called to our attention which would oblige the individual defendants to reimburse the Commonwealth for the legal services so provided. Since § 706(k) did not explicitly deal with the situation in which a state governmental agency furnished legal services, and explicitly negated the award of attorney's fees to the United States of the Equal Employment Opportunity Commission, the panel concluded that it would be appropriate to solicit the views of amici curiae. Thus we requested briefing on the motion by the Equal Employment Opportunity Commission and by Daniel Segal, Esq., and Ralph L. Spritzer, Esq., of the University of Pennsylvania Law School. The amici addressed two questions: (1) the eligibility of a state to recover under § 706(k), and (2) if recovery is proper, the standards for the exercise of the court's discretion in making the award.

## I. ELIGIBILITY OF THE STATE TO RECOVER UNDER § 706(k)

When the Civil Rights Act of 1964 was enacted the fee provision was of no relevance to state governments, since the substantive prohibitions on employment discrimination in that Act did not apply to the states. They, like the United States, were excluded from the definition of "employer." They could not be parties to Title VII actions. Pub.L. 88–352, § 701(b), 78 Stat. 253. The Equal Employment Opportunity Act of 1972, Pub.L. 92–261, § 2, deleted the exclusion of state governments from the definition of "employer" in Title VII. The 1972 Act made no change, however, in the language of § 706(k). Nor, during considera-

* Sitting by designation.

tion of the 1972 Act in either House of Congress, was there any discussion of the potential effect of the attorney's fee provision on prevailing state defendants. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), without extended discussion, indicates that § 706(k) permits the award of counsel fees *against* state governments. Thus clearly the section applies to those governments, and there is no indication that it should be given anything but its literal meaning that they can collect attorney's fees when they are the prevailing party. Strict literalism, perhaps, might require that they be reimbursed for fees incurred only in the defense of the state's own interest as a party, and not for those incurred in the defense of state officers joined in a Title VII action. We think, however, that at least in this case there is no reason to make so fine a distinction. The record discloses that a single defense was presented, and no separate time or effort appears to have been expended in defense of the individual officers as distinct from the College.

Reinforcing our conclusion that Congress intended the states to have the benefits as well as the detriments of § 706(k) are the Senate and House Reports on the Civil Rights Attorney's Fees Awards Act of 1976, P.L. 94–559, 90 Stat. 2641, which suggest that Congress in 1976 assumed that § 706(k) applied to state governments. *See* H.R. Rep. No. 94–1558, 94th Cong., 2d Sess. 1, 7 (1976); S.Rep. No. 94–1011, 94th Cong., 2d Sess. 1, U.S.Code Cong. & Admin.News 1976, p. 5908 (1976). The 1976 Act also expressly excludes the federal government from its benefits. Thus, Congress was conscious of the distinction between the federal government and the states for purposes of recovery of attorney's fees.

## II. STANDARDS FOR MAKING AN AWARD TO THE STATE AS PREVAILING DEFENDANT

■ Section 706(k) vests the court with discretion to award a reasonable attorney's fee to the prevailing party. With respect to private prevailing parties, the standard for

awarding such fees to successful defendants is quite different from those for awarding to successful plaintiffs. "[P]rivate parties who commence such litigation are 'private attorneys general' vindicating a policy to which Congress gave the highest priority . . . ." *Carrion v. Yeshiva University,* 535 F.2d 722, 727 (2d Cir. 1976), quoting *Fort v. White,* 530 F.2d 1113, 1117–1118 (2d Cir. 1976). Given the role of private suits in "accomplish[ing] the desired public objective of eradicating discrimination," *United States Steel Corp. v. United States,* 519 F.2d 359, 363 (3d Cir. 1975), the encouragement to pursue one's rights provided by a liberally administered attorney's fee provision is crucial to Title VII's effective operation. Accordingly, it is the general rather than the exceptional practice to award attorney's fees to prevailing plaintiffs. Denial of fees to prevailing plaintiffs can be justified only by special circumstances. *United States Steel Corp. v. United States, supra,* 519 F.2d at 363; *Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 503 F.2d 177 (1974); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); *Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002 (9th Cir. 1972). *See also Newman v. Piggie Park Enterprises,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

■ The situation with respect to a prevailing private defendant is markedly different. "A prevailing defendant seeking an attorney's fee [under Title VII] does not appear before the court cloaked in a mantle of public interest." *United States Steel Corp. v. United States, supra,* 519 F.2d at 364. A general practice of awarding attorney's fees to prevailing defendants would work to defeat the goal of effective enforcement of Title VII. As this Court has noted "[a] routine allowance of attorney fees to successful defendants in discrimination suits might effectively discourage suits in all but the clearest cases, and inhibit earnest advocacy on undecided issues." *Id.* at 364–365. An award of attorney's fees to a prevailing private defendant is appropriate, therefore, only when certain extraordi-

nary indicia—"vexatiousness, bad faith, abusive conduct, or an attempt to harass or embarrass"—characterize the plaintiff's suit. *Id.* at 364; *see also E. E. O. C. v. Christiansburg Garment Co.,* 550 F.2d 949 (4th Cir. 1977), *cert. granted,* 432 U.S. 905, 97 S.Ct. 2948, 53 L.Ed.2d 1077 (1977); *Paddison v. Fidelity Bank,* 60 F.R.D. 695 (E.D.Pa.1973); *Carrion v. Yeshiva University,* 535 F.2d 722, 727 (2d Cir. 1976).

One question posed by the Attorney General's motion is whether there is any reason to be any less exacting in considering a request for attorney's fees by a state defendant which prevails in a Title VII suit. We see no reason for the application of any different standard. Routine allowance of attorney's fees to prevailing state defendants would have the same potential for discouraging plaintiffs as in cases of private employers. Today state government employees comprise a very substantial percentage of the total work force, and it would be arbitrary, to say the least, to construe § 706(k) as applicable to those employees in a manner different from the rest of the work force. Indeed there are two reasons why, in the exercise of discretion in awarding fees to states in Title VII cases, the courts should be particularly demanding. First, the resources of a state defendant, since the state has taxing powers, are far in excess of those of the typical private defendant. States generally employ salaried attorneys paid out of tax revenues. Thus it will generally be less burdensome for a state to bear its own attorney's fees than for a private defendant. We have heretofore observed that "ability to pay may enter into a court's decision whether to award counsel fees". *United States Steel Corp. v. United States, supra,* 519 F.2d at 364 n. 24. By a parity of reasoning it seems appropriate to take into account the prevailing state defendant's ability to bear the expense. Second, discrimination by government, especially damaging because of the pervasive role that government plays in society, requires particular attention from the courts. As the Senate Committee on Labor and Public Welfare noted in its report on the bill that became the Equal Employment Opportunity Act of 1972:

> The exclusion of minorities from effective participation in the bureaucracy not only promotes ignorance of minority problems in that particular community, but also creates mistrust, alienation, and all too often hostility toward the entire process of government.

S.Rep. No. 92–415, 92d Cong., 1st Sess. 10 (1971). Considering the significantly more destructive effects of discrimination by government, the courts must be especially concerned that awards to successful state defendants do not have the undesirable effects of "discourag[ing] suits in all but the clearest cases, and . . . inhibit[ing] earnest advocacy on undecided issues." *United States Steel Corp. v. United States, supra,* 519 F.2d at 364–65. We conclude, therefore, that as with private prevailing defendants, an award of attorney's fees to the state can be made only after a finding that the pursuit of the Title VII remedy, or an appeal from the denial of such a remedy, involved vexatiousness, bad faith, abusive conduct, or an attempt to harass or embarrass.

### III.

 Applying this strict standard to the instant appeal we conclude that the Attorney General's motion should be granted. The facts are set forth in Judge Gourley's opinion in *Kutska v. Cal. State College, Dept. of Ed.,* 410 F.Supp. 48 (W.D.Pa.1976), and need not be repeated. Ordinarily a policy of leniency toward *pro se* appellants might be appropriate, since many such litigants are ignorant both of their legal rights and of the rules governing appeals. Mr. Kutska, however, while not holding a doctorate degree, is certainly a well-educated professional person. Indeed, a good part of his brief on appeal is devoted to his educational qualifications. Moreover, his brief displays knowledge of the relevant statute and cases. What it does not display, however, is the slightest indication that his appeal has any merit. Indeed, it concedes that the reason he was not given tenure was that he lacked a doctorate degree, not

that, as the complaint alleged, he is of Slavic national origin. The brief is not directed to any violation of Title VII, but to the inutility of the College's policy of preferring educational credentials over a family background in a linguistic culture. It is clear to us that Mr. Kutska was quite aware that this court was an inappropriate forum for the consideration of that contention and that the appeal was pursued in bad faith, vexatiously, and in an attempt to embarrass the administrators of the College. We emphasize that this is a case presenting the extraordinary circumstances which are required by *United States Steel Corp. v. United States, supra.*

█ The Attorney General has submitted the affidavit of Jack E. Solomon, the Deputy Attorney General who handled the case, setting forth details of the cost to the Commonwealth of his services, the number of working days such services were required, and the time expended on this appeal. The affidavit establishes that Mr. Solomon's services cost the Commonwealth $150 per day and that 2.4 days were expended on the appeal. Mr. Solomon's affidavit, with commendable candor, discloses that "in large part" the expenditure of time reflects the fact that this was the first and only appeal he dealt with. The Commonwealth requests an award of $360.00, for 2.4 days at $150.00 a day. Although Mr. Kutska must pay a reasonable fee, it must be measured by the criteria of *Lindy Bros. Builders v. American Radiator, Etc.,* 540 F.2d 102 (3d Cir. 1976), and *Atlantic & Gulf Stevedores v. Director, Etc.,* 542 F.2d 602, 609 (3d Cir. 1976). We find that a more experienced attorney could appropriately have responded to the appeal in less time and that a reasonable fee is $200.00. Attorney's fees in that amount shall be awarded to the appellee California State College, Department of Education, Commonwealth of Pennsylvania.

We express the appreciation of the court to the amici, the Equal Employment Opportunity Commission, Daniel Segal, Esq., and Ralph S. Spritzer, Esq., for their illuminating briefs.