David M. CHALFY, Martin T. Walsh, John J. McCann, Joseph V. Marrone, Carl Bruce McCamish, P.K. Smith, and Smith Limousine Co., Inc., Appellants,

v.

Jay L. TUROFF, Chairman of the New York City Taxi and Limousine Commission, the New York City Taxi and Limousine Commission, and the City of New York, Appellees.

No. 62, Docket 85–7660.

United States Court of Appeals, Second Circuit.

Argued Sept. 18, 1986.

Decided Oct. 23, 1986.

Barbara Kent (Mellor & Kent, Harold B. Foner, New York City, of Counsel), for appellants.

Elizabeth Dvorkin, Asst. Corp. Counsel (Frederick A.O. Schwarz, Corp. Counsel of the City of New York, June A. Witterschein, Asst. Corp. Counsel, New York City, of counsel), for appellees.

Before LUMBARD, OAKES and MINER, Circuit Judges.

**22**

PER CURIAM:

Appellants Chalfy and other New York limousine owners and drivers appeal from a judgment of the United States District Court for the Southern District of New York, Kevin T. Duffy, Judge, granting a motion for summary judgment in favor of appellees Turoff, the New York City Taxi and Limousine Commission (TLC), and the City of New York, and denying the appellants' motion for a preliminary injunction, thereby dismissing the appellants' challenge to TLC's administration of the limousine licensing requirements of New York City Administrative Code §§ 2304–2306. Appellants contend that the district court wrongly concluded that none of the constitutional deprivations alleged by the appellants, including claims of harassment, invasion of privacy, denial of procedural due process, and violation of "freedom of movement," stated a claim for relief under 42 U.S.C. § 1983 (1982). They also argue that the court erred in failing to issue them a preliminary injunction. Because this appeal is entirely without merit, we affirm the judgment below and award the appellees $2,000 to cover attorneys' fees, costs, and expenses incurred in litigating this appeal.

■■■ Appellant first argues that the procedures adopted by TLC for issuing and adjudicating civil penalties for licensing violations are constitutionally inadequate. This claim fails, however, because the procedures established by the Administrative Code and applied by TLC do provide notice and a meaningful opportunity to be heard in accordance with the requirements set out by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). *See also Buck v. Board of Education*, 553 F.2d 315, 318 (2d Cir.1977) (requirements of due process vary, but include adequate notice of the proceeding and charges and a fair opportunity to be heard), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978). Here, appellants were given adequate notice in the summons of the time and place of a hearing at which appellants could contest TLC's findings. The summons also stated that a violator could be represented by counsel and bring witnesses to testify at the hearing. In addition, there is no evidence that the appellants were in fact denied assistance of counsel at any hearing; the Walsh request for a postponement was an attempt to delay imposition of the fine pending the outcome of a challenge to TLC's authority and it was not an abuse of the agency's discretion to deny the request. *Cf. 900 G.C. Affiliates, Inc. v. City of New York*, 367 F.Supp. 1, 4–5 (S.D.N.Y.1973) (denial of continuance request not evidence of deprivation of due process as it was not abuse of discretion). Moreover, TLC did not violate appellants' due process rights by requiring that fines be paid immediately. Administrative agencies have broad discretion to fashion appropriate sanctions, *see Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 185–88, 93 S.Ct. 1455, 1457–59, 36 L.Ed.2d 142 (1973), and TLC's procedures here are not unreasonable, especially in light of the fact that the pertinent statutes allow TLC to enforce its judgment only if the fine has remained unpaid for four months. New York City Charter, ch. 65, § 2303(c); New York City Administrative Code § 2306(e).

■■■ Appellants argue that TLC violated their due process rights by harassing them in an attempt to drive them out of business unless they "submit[ted] to licensure." Although a true pattern of harassment by government officials may make out a section 1983 claim for violation of due process of law, *see, e.g., Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir.1982), *cert. denied*, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983), the facts of this case fall far short. Unlike the cases cited by appellants, *e.g., Black Jack Distributors, Inc. v. Beame*, 433 F.Supp. 1297 (S.D.N.Y.1977), TLC's actions were not illegal and they placed no discriminatory burden on a constitutionally protected activity. The appellants' proof shows only that TLC was at most a bit overzealous in stopping and ticketing appellants' admittedly unlicensed limousines and in requiring

strict adherence to its hearing procedures. Thus there is no evidence of the kind of systematic and intentional harassment that would give rise to a claim under section 1983. *Compare Espanola Way*, 690 F.2d at 828 (teams of inspectors issued 344 unwarranted building code violations at great cost to hotel).

■ Appellants also argue that TLC has violated their rights of privacy by requiring the disclosure of certain medical information. This claim, too, is totally without merit. In the absence of any infringement on a constitutionally protected right or liberty, as is the case here, *cf. Whalen v. Roe*, 429 U.S. 589, 602, 604 n. 32, 97 S.Ct. 869, 878–79 n. 32, 51 L.Ed.2d 64 (1977) (drug users' privacy rights not violated by required disclosure of names and addresses), a licensing authority need only show that the challenged requirement is rationally related to an applicant's fitness for the occupation. *See, e.g., Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 288 (1957). Here, TLC's medical questionnaire serves the purpose of protecting public safety against risks posed by limousine drivers whose health problems may affect their ability to drive safely. This is certainly a legitimate purpose, *see Costner v. United States*, 720 F.2d 539 (8th Cir.1983) (upholding similar requirement for the trucking industry), and one that does not violate any of appellants' privacy rights.

■ Appellants next contend that TLC's inspectors violated their Fourth Amendment rights when on two occasions they stopped an unlicensed limousine for an "excessive" period of time while summonses were issued. Appellants admit, however, that there was probable cause, or at least reasonable suspicion, for TLC to stop the vehicles. Their only real complaint is about the duration of the stop: forty-five minutes to write three tickets at one stop and twenty-five minutes to write two tickets at the other. Although these delays undoubtedly inconvenienced appellants and their passengers, they nevertheless do not amount to a violation of appellants' constitutional rights. *Cf. United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (upholding investigatory stop of twenty minutes).

■ Almost as an afterthought, appellants argue that they are entitled to a preliminary injunction against future enforcement of the licensing provisions by TLC. However, not only will no irreparable harm result from denial of an injunction—TLC has in the interim dropped its attempts to license vehicles such as those driven by appellants—but appellants have failed to show any probability of success on the merits, or any balance of hardships tipping in their favor. Thus there are no grounds for issuance of an injunction. *See In re G. & A. Books, Inc.*, 770 F.2d 288, 299 (2d Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986).

■ Finally, appellees ask that they be awarded attorneys' fees, costs, and expenses under 28 U.S.C. § 1927 (1982) and Fed.R.App.P. 38 on the grounds that this appeal was frivolous and unreasonable. In the past we have granted such requests when the appeal lacked any support in law or the record. *See, e.g., Harbulak v. County of Suffolk*, 654 F.2d 194 (2d Cir. 1981); *Bankers Trust Co. v. Publicker Industries, Inc.*, 641 F.2d 1361 (2d Cir.1981). This is one of those cases. The appellants' brief shows that they did not attempt seriously to weigh the merits of their various claims under section 1983 or the United States Constitution. The brief fails to discuss controlling precedent, cites decisions that were overturned on appeal, and mischaracterizes even their own affidavits. For these reasons, we direct the district court to grant judgment for the appellees in the amount of $2,000 to cover fees, costs, and other expenses of litigation.

Judgment affirmed.