Norman L. JOHNSON

v.

**RESOURCES FOR HUMAN DEVELOPMENT.**

Civ. A. No. 93–5360.

United States District Court,
E.D. Pennsylvania.

June 1, 1995.

Don Bailey, Bailey, Hardy & Alm, Harrisburg, PA, for Plaintiff.

Joan R. Sheak, Klehr, Harrison, Harvey, Branzburg, Ellers, Allentown, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Before the Court today is Defendant's Motion for Counsel Fees and Expenses from Plaintiff, Dr. Norman Johnson, and his attorney, Donald Bailey, under 28 U.S.C. § 1927, 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e–5(k), and Fed.R.Civ.P. 54(d).

### 1. FEES FROM DR. JOHNSON

Both 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e–5(k) give the prevailing party in a civil rights action the ability to receive reasonable attorney's fees from a litigant as part of the costs of suit. *Brown v. Borough of Chambersburg,* 903 F.2d 274, 277 (3d Cir. 1990). Prevailing defendants, however, can only receive attorney's fees if the district court finds that the plaintiff's "claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). To recover, a prevailing defendant need not demonstrate that the plaintiff acted in bad faith. *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 503 (3d Cir.1991). However, courts should be cautious in awarding attorney's fees against plaintiffs for fear of chilling the exercise of constitutional rights. *Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir.1994); *Kutska v. California State College,* 564 F.2d 108, 110 (3d Cir.1977).

Here, Defendant argues that it is entitled to attorney's fees and expenses from Dr. Johnson because he allegedly knew that his lawsuit was frivolous, unreasonable, without foundation and because it was brought in bad faith. Defendant further argues that Dr. Johnson is a highly educated man, who was

able to fully evaluate facts and participate actively in the conduct of his lawsuit. Defendant argues that Dr. Johnson had a personal animus against it that inspired him to harass, embarrass and injure it by bringing and maintaining this lawsuit. To demonstrate the level of Dr. Johnson's supposed animus against Defendant, it cites to the Complaint and Amended Complaint, Dr. Johnson's deposition testimony, various notes Dr. Johnson made concerning the events underlying this lawsuit, and letters Dr. Johnson admits mailing to various city, state and federal agencies, including the FBI and the mayor of Philadelphia, accusing Defendant of misconduct. Def.'s Brief at pp. 5–6. Moreover, Defendant argues that Dr. Johnson had no basis for bringing this lawsuit because he conceded that each of the reasons Defendant gave for terminating him was true. These reasons included insubordination of his supervisors, controverting their decisions and instructions, as well as generally poor work performance.

Defendant cites several cases where the Third Circuit has approved a grant of attorney's fees against a plaintiff. *Brown*, 903 F.2d at 274; *P. Mastrippolito & Sons v. Joseph*, 692 F.2d 1384 (3d Cir.1982); *Kutska*, 564 F.2d at 108; *Sek v. Bethlehem Steel Corp.*, 421 F.Supp. 983 (E.D.Pa.1976), *aff'd*, 565 F.2d 153 (3d Cir.1977). The facts of *Sek* are most similar to the facts at bar. There, the plaintiff was white, and alleged that he had been racially discriminated against when he was laid off but an African American coworker was not. The District Court assumed for the sake of that opinion that the plaintiff could make out a prima facie case. It then held that the plaintiff's claim of discrimination had no merit because the defendant showed by clear and convincing evidence that plaintiff was terminated on legitimate business reasons in accordance with racially neutral policies and criteria. *Id.* at 993. These racially neutral reasons were based on plaintiff's consistently downward-spiraling performance and his poor attitude. Our Court held, "were it not for the fortuitous fact that Mr. Cooper is Black while Mr. Sek is White, the plaintiff could not present an even colorable claim on this record." *Id.* at 986. The Court also found that the EEOC

and the Pennsylvania Human Relations Commission did not find a basis for plaintiff's claims, and that plaintiff's own attorneys withdrew their appearances and told plaintiff they did not believe he could prove a prima facie case. *Id.* at 994. Because of all this, our Court granted defendant's request for attorney's fees.

 Plaintiff, however, argues that he should not be liable for attorney's fees because of the strong interest in not chilling advocacy. He seemingly argues that because he contested Defendant's summary judgment motion, that he had a reasonable basis for bringing the suit. Plaintiff's brief in opposition to this motion spends several pages discussing this Court's Memorandum and Order granting summary judgment. This discussion apparently goes to show that even though a plaintiff's burden is high after an employer has demonstrated legitimate, non-discriminatory reasons for a termination, that failure to meet the burden does not necessarily equate to a meritless case. We agree. In this case, however, the Court only assumed for the purposes of the summary judgment motion that Dr. Johnson could prove a prima facie case, yet Dr. Johnson presented virtually no evidence to rebut Defendant's ample evidence of legitimate reasons to terminate Dr. Johnson. This would seem to indicate the lack of merit to his claims.

 Nonetheless, we do not find sufficient evidence to conclude that Dr. Johnson brought or maintained his lawsuit with an intent to harass Defendant, or with knowledge that his case had no merit. *Brown*, 903 F.2d at 277 (inherent in attorney's fees award that plaintiff knew of legal or factual deficiencies in claim). We realize that a bad faith determination is not necessary to award attorney's fees against a plaintiff. *Quiroga*, 934 F.2d at 503. We are, however, reluctant to award them when there is the possibility that the Plaintiff had a good faith belief in the merits of his discrimination claims, even if that belief would require him to be rather self-ignorant. *Maag v. Wessler*, 993 F.2d 718, 721 (9th Cir.1993); *Rounseville*, 13 F.3d at 632 (circumstantial evidence, even if ulti-

mately groundless, can merit initiation of action). We agree with Defendant that Dr. Johnson does appear to harbor great resentment and contempt toward all defendants. This attitude is compatible, however, with the attitude one might have if one thought one had been discriminated against. Because we are unwilling to find on this evidence that Plaintiff knew his case was meritless, we decline to award attorney's fees against Plaintiff under 42 U.S.C. §§ 1988(b) and 2000e–5(k).

## 2. FEES FROM MR. BAILEY

■ Defendant also seeks attorney's fees from Mr. Bailey under 28 U.S.C. § 1927 and Fed.R.Civ.P. 54(d). Section 1927 permits recovery of attorney's fees against an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case. To make an award under this statute, a court must find that the attorney acted with bad faith. *Baker Indus. v. Cerberus Ltd.*, 764 F.2d 204, 208 (3d Cir.1985). This can be demonstrated either by showing an ulterior motive, or misconduct such as knowingly using perjured testimony, citing as binding authority overruled or non-binding cases, or otherwise misrepresenting facts or law to the court. *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir.1986); *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir.1986).

■ We find in this case that Mr. Bailey has acted in bad faith toward this Court.[1] First, he filed a Complaint alleging a variety of Constitutional wrongs with full knowledge that the defendant was not a state actor, and indeed, did not even allege that defendants were state actors. Second, the Complaint alleged a violation of the Pennsylvania Whistleblower Act despite the absence of allegations that defendant was a public employer. *Chalfy*, 804 F.2d at 23 ("brief shows that [party] did not attempt seriously to weigh the merits of their various claims under section 1983 or the United States Constitution"); *Quiroga*, 934 F.2d at 503 ("attorney 'tried to

force plaintiff's various grievances into the framework of various state and federal causes of action'"); *cf. Ford*, 790 F.2d at 348 (no bad faith when legitimate, but weak, argument that jurisdictional prerequisites could be equitably tolled).

In addition, Mr. Bailey failed to make any written discovery requests until two weeks before the discovery deadline. At this time, he filed two requests for production of documents and one set of interrogatories. We find that waiting till that point only could act to multiply and delay the action, because it became likely that an extension would be needed, and gave Mr. Bailey the chance to argue, as he did in response to Defendant's Motion for Summary Judgment, that he had not yet received Defendant's discovery responses and so no rebuttal evidence could reasonably be expected.

■ More important, however, was Mr. Bailey's conduct before this Court in terms of presenting support for his assertions. We granted Defendant's motion for summary judgment because we found that Plaintiff had not presented even a scintilla of evidence to support his claim. The disturbing portion was Mr. Bailey's attitude toward the necessary evidence. He argued to this Court that certain statistical evidence would support Plaintiff's claims even when he knew that no statistical evidence existed. He also attached several unsworn documents to this court, called them affidavits, and did not have them sworn to even after Defendant pointed out that they were unsworn. In addition, Mr. Bailey attempted to persuade this Court to apply withdrawn California case-law that was directly opposed to controlling law of this circuit, without citing that controlling law to this Court. Whether Mr. Bailey believed there was a case at first blush, he unreasonably multiplied the litigation by inappropriately overpleading the case and by continuing to prosecute it after it became apparent that there was no evidence to support Dr. Johnson's version of the facts. For these reasons, we find that an award of counsel

---

1. The brief in opposition to this Motion is signed by Samuel C. Stretton, Esquire, not Mr. Bailey. We note that this brief is replete with mischaracterizations of our earlier opinions as well as the opinions of other courts, and cites inapposite cases as if they applied to the facts of this case. *See e.g.* Pl.'s Brief at 4, 9–10, 15. However, Mr. Stretton's actions are not relevant to the matter before us today.

fees against Mr. Bailey is appropriate under 28 U.S.C. § 1927. Finally, we find that the attorney's fees requested are reasonable in both amount and type.

An appropriate Order follows.

### ORDER

AND NOW, this 1st day of June, 1995, upon consideration of Defendant's Motion for Counsel Fees and Expenses and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is hereby GRANTED in that Plaintiff's Counsel is hereby Ordered to pay Defendant $19,494.75 in counsel fees and expenses within thirty days of the date of this Order's entry. The Motion is hereby DENIED in that Plaintiff is not ordered to pay any counsel fees or expenses to Defendant.