Schree HICKS, Angelique Giddings,
Sandra White and Willie Mae
Lewis

v.

Robert ARTHUR, Marsha O'Hara, Robert
Fishman and Resources for Human
Development.

Civ. A. No. 93–3160.

United States District Court,
E.D. Pennsylvania.

June 15, 1995.

Don Bailey, Harrisburg, PA, Samuel C. Stretton, West Chester, PA, for plaintiffs.

Joan R. Sheak, Klehr, Harrison, Harvey, Branzburg & Ellers, Allentown, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Today we address Defendants' Motion for Counsel Joan Sheak's Fees and Expenses under 28 U.S.C. § 1927, 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e–5(k), and Fed.R.Civ.P. 54(d). There is a second Motion for Counsel Robert Hanna's Fees and Expenses that we do not address at this time.

### FEES AND EXPENSES AGAINST INDIVIDUAL PLAINTIFFS

■ Both 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e–5(k) give the prevailing party in a civil rights action the ability to receive reasonable attorney's fees from a litigant as part of the costs of suit. *Brown v. Borough of Chambersburg,* 903 F.2d 274, 277 (3d Cir. 1990). Prevailing defendants, however, can only receive attorney's fees if the district court finds that the plaintiff's "claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). To recover, a prevailing defendant need not demonstrate that the plaintiff acted in bad faith. *Quiroga v. Hasbro, Inc.,* 934 F.2d 497,

503 (3d Cir.1991). However, courts should be cautious in awarding attorney's fees against plaintiffs for fear of chilling the exercise of constitutional rights. *Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir.1994); *Kutska v. California State College,* 564 F.2d 108, 110 (3d Cir.1977).

Defendants argue that not one of the Plaintiffs had any justification for bringing their lawsuits, but that they were instead motivated by hatred and anger. Defendants assert that this is demonstrated by admissions in the various Plaintiffs' depositions, as well as the Plaintiffs' attitudes toward their duties in discovery and their lack of participation in the lawsuit. Because of this, Defendants assert, Plaintiffs should reimburse them their attorney's fees and expenses incurred in defending this frivolous lawsuit.

In response to Defendants' factual arguments, Plaintiffs argue that each Plaintiff, except for Angelique Giddings, was able to make a prima facie case on at least one claim. Therefore, they argue, there is no evidence that the Plaintiffs believed their suits were unfounded. As to Ms. Giddings, Plaintiffs' Counsel agrees that she did not make out a prima facie case, but blames this state of events on Ms. Giddings's lack of cooperation with her counsel. In response to Defendants' legal arguments, Plaintiffs incorporate and rely on the legal arguments Plaintiff Norman Johnson filed in a similar opposition to a motion for attorney's fees in what they term a companion case, *Johnson v. Resources for Human Development,* No. 93–5360. The only other argument Plaintiffs make is that the attorneys' fees claimed are too high, both because of the rate charged and the amount of time expended.

■ For many of the same reasons provided in the *Johnson* opinion we will not charge Plaintiffs personally for attorneys' fees. First, we are hesitant to make an award against Plaintiffs for fear of chilling litigation seeking to redress civil wrongs. Second, we find no evidence that Plaintiffs were aware that their individual race and sex discrimination claims lacked merit. Plaintiffs' level of education ranged from a doctoral degree to a master's degree and down. A high level of education can normally be used

to support an award of attorney's fees. *Kutska*, 564 F.2d at 110. Nonetheless, our reading of the deposition of each Plaintiff indicates that each one truly felt that the Defendants had wronged her in some way, although not necessarily by race or sex discrimination. In fact, none of the Plaintiffs was actually able to make out a claim of race or sex discrimination, but we cannot expect lay-people, without more, to know whether they have legally cognizable claims; this is for their attorneys to explain to them. In addition, Plaintiffs' failure to participate in their lawsuits appears to largely be a failure of their lawyers. One letter attached to Defendants' Motion indicates that two Plaintiffs appeared at Defendants' counsel's offices for a deposition that their own lawyer had canceled the day before, but had apparently neglected to tell the Plaintiffs. *See* June 30, 1994 Letter from J. Sheak to D. Bailey. Ms. Giddings did not provide her discovery documents to her counsel because "it wasn't really a real big request for it." Giddings Dep. at 48. Given that Defendants' counsel has documented numerous requests for Giddings's discovery responses, we believe that the failure to communicate the importance of the requests to Giddings falls on her counsel's shoulders.

For these reasons, we will not award Attorneys' Fees and Expenses against the individual Plaintiffs.

### FEES AND EXPENSES AGAINST PLAINTIFFS' COUNSEL

■ Defendants also seek attorney's fees and expenses from Mr. Bailey under 28 U.S.C. § 1927 and Fed.R.Civ.P. 54(d). Section 1927 permits recovery of the excess attorney's fees, expenses and costs against an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case. To make an award under this statute, a court must find that the attorney acted with bad faith. *Baker Indus. v. Cerberus Ltd.*, 764 F.2d 204, 208 (3d Cir.1985). This can be demonstrated either by showing an ulterior motive, or misconduct such as knowingly using perjured testimony, citing as binding authority overruled or non-binding cases, or otherwise misrepresenting facts or law to the court. *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir.1986); *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir.1986).

Here, Mr. Bailey drafted the original complaint by eight plaintiffs against four defendants. Upon consideration of Defendants' motion, we dismissed two defendants, four plaintiffs and most of the causes of action. The original complaint was replete with flaws, the most notable of which were: claims of violations of Title VII, 42 U.S.C. § 2000e–2, when only one Plaintiff had satisfied the jurisdictional prerequisites; a claim of discrimination based on sexual orientation under Title VII although this is not a protected class; and claims of wrongful discharge, intentional infliction of emotional distress and negligence that were plainly barred by Pennsylvania law.

■ We find that this massive over-pleading was done vexatiously and to multiply the proceedings. The facts of *Chalfy*, 804 F.2d at 23, are similar, where the Court held that the "brief shows that [the parties] did not attempt seriously to weigh the merits of their various claims under section 1983 or the United States Constitution." *See also Quiroga*, 934 F.2d at 503 ("attorney 'tried to force plaintiff's various grievances into the framework of various state and federal causes of action'"); *cf. Ford*, 790 F.2d at 348 (no bad faith when legitimate, but weak, argument that jurisdictional prerequisites could be equitably tolled).

In response to the Motion for Summary Judgment, Mr. Bailey failed to produce evidence to support any of the claims, acknowledged that one Plaintiff had failed to make out a prima facie case, and failed to argue that race discrimination was the cause of another Plaintiff's injury. This too served to multiply the litigation, because by the time Mr. Bailey opposed the motion for Summary Judgment, he should have known that there were serious flaws in his clients' cases.

■ Finally, in response to this Motion, Plaintiffs' present counsel, not Mr. Bailey, argues that Mr. Bailey was not at fault for not adequately supporting Plaintiffs' claims with evidence; rather, Ms. Giddings should be blamed for failing to cooperate with him in discovery. Mr. Bailey is not excused be-

cause he had a recalcitrant client. Perhaps, instead, that should have indicated to him that his client was not entirely convinced of the merit of her claims, or her interest in pursuing potential remedies.

For these reasons, we find that Mr. Bailey unreasonably and vexatiously multiplied the proceedings in this action, and is therefore, ordered to reimburse Defendants' counsel's excess fees and costs.

Defendants have submitted affidavits and bills to support almost $100,000.00 in legal fees and costs. On the bases of the affidavits, and in the absence of any opposing evidence, we find that the amount billed is reasonable and that the amount of hours spent was reasonable. Defendants seek from Mr. Bailey the excess costs incurred as a result of his vexatious and multiplying conduct. Upon consideration, we will award fees incurred as a result of:

1. Time spent on the motion to dismiss the complaint.

2. Time spent between March 31, 1994 and December 14, 1994 attempting to schedule depositions.

We will not award fees incurred as a result of completing the depositions held between August 15, 1995 and August 31, 1994, which Mr. Bailey limited to four working hours a day, because those depositions needed to be taken regardless of how long it took. Nor do we award fees for responding to "superfluous" written discovery, because we do not know what that is. In addition, we deny Defen-dants' request for fees incurred in replying to Plaintiffs' response to Defendants' Motion for Summary Judgment, because replies are routinely written, and are generally needed only in response to the most persuasive oppositions. Further, we find that the Motion to Disqualify did not unduly delay this litigation, and will not award fees based on that. As a result, the amount incurred by Defendants as a result of Mr. Bailey's behavior totals $17,372.00.[1]

So far as costs are concerned, the majority of the excess fees were incurred in 1993 and 1994. We will award the costs of telephone calls, postage, photocopying and telecopy line charges incurred in those years. These amount to $1,649.40.[2]

An appropriate Order follows.

### ORDER

AND NOW, this 15th day of June, 1995, upon consideration of Defendants' Motion for Counsel Joan Sheak's Fees and Expenses, (document number 51) and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART. As discussed in the attached Memorandum and reflected in the attached Appendices, the Motion is hereby GRANTED in that Mr. Bailey, Plaintiffs' Counsel, is ORDERED to remit to Defendants' Counsel, Joan Sheak, the amount $17,372.00 representing attorney's fees, and $1,649.40 representing expenses. In all other respects, the Motion is hereby DENIED.

### APPENDIX A

#### SUMMARY FROM KLEHR, HARRISON RECORDS
#### FEES AND EXPENSES INCURRED IN DEFENDING E.D. PA. NO. 93–3160

| ATTORNEY | DATE | HOURS | VALUE | DESCRIPTION |
|----------|------|-------|-------|-------------|
| J. Sheak | 07/07/93 | 2.50 | 537.50 | research for motion to dismiss |
| J. Sheak | 07/08/93 | 3.50 | 752.50 | begin draft of motion to dismiss |

1. *See* Appendix A, Summary from Klehr, Harrison Records—Fees incurred in defending E.D.Pa. No. 93–3160.

2. *See* Appendix B, Summary from Klehr, Harrison Records—Expenses incurred in defending E.D.Pa. No. 93–3160.

| ATTORNEY | DATE | HOURS | VALUE | DESCRIPTION |
|---|---|---|---|---|
| J. Sheak | 07/09/93 | 5.00 | 1.075.00 | begin draft of brief in support of motion to dismiss |
| J. Sheak | 07/12/93 | 5.50 | 1,182.50 | draft brief in support of motion to dismiss |
| J. Sheak | 07/13/93 | 2.00 | 430.00 | draft brief in support of motion to dismiss |
| J. Sheak | 07/15/93 | 1.00 | 215.00 | research for brief |
| J. Sheak | 07/16/93 | 0.50 | 107.50 | draft brief re: motion to dismiss |
| J. Sheak | 07/19/93 | 4.00 | 860.00 | draft brief in support of motion to dismiss |
| J. Sheak | 07/20/93 | 3.00 | 645.00 | draft motion to dismiss supporting brief |
| J. Sheak | 07/20/93 | 3.00 | 645.00 | research for brief re: motion to dismiss |
| J. Sheak | 07/21/93 | 2.50 | 537.50 | research/draft brief re: motion to dismiss |
| J. Sheak | 07/22/93 | 4.50 | 967.50 | research/draft & revise brief re: motion to dismiss |
| J. Sheak | 07/23/93 | 6.50 | 1,397.50 | research/draft & revise brief in support of motion to dismiss |
| J. Sheak | 07/23/93 | 0.25 | 53.75 | prepare proposed order |
| J. Sheak | 07/26/93 | 4.00 | 860.00 | revise brief in support of motion to dismiss |
| J. Sheak | 07/26/93 | 0.75 | 161.25 | revise motion to dismiss & proposed order |
| J. Sheak | 07/27/93 | 2.00 | 430.00 | revise motion, brief & order re: dismissal |
| J. Sheak | 07/28/93 | 2.00 | 430.00 | final revision of motion and brief re: dismissal |
| J. Sheak | 07/29/93 | 0.25 | 53.75 | letter clerk enclosing motion, brief & order |
| J. Sheak | 09/01/93 | 0.75 | 161.25 | review plaintiff's answer & brief re: motion to dismiss |

| ATTORNEY | DATE | HOURS | VALUE | DESCRIPTION |
|----------|------|-------|-------|-------------|
| J. Sheak | 09/02/93 | 1.50 | 322.5 | research for reply brief |
| J. Sheak | 09/02/93 | 1.50 | 322.50 | begin draft of reply brief |
| J. Sheak | 09/03/93 | 4.50 | 967.50 | draft reply brief |
| J. Sheak | 09/07/93 | 2.00 | 430.00 | research for reply brief/revise same |
| J. Sheak | 09/08/93 | 2.00 | 430.00 | draft & revise reply brief re: dismissal |
| J. Sheak | 05/02/94 | 0.50 | 107.50 | letter D. Bailey/letter client(s) re: depositions |
| J. Sheak | 05/02/94 | 0.50 | 107.50 | draft notice of deposition |
| J. Sheak | 05/06/94 | 0.25 | 53.75 | telephone call client(s) re: discovery |
| J. Sheak | 05/09/94 | 0.50 | 107.50 | telephone call Annice Harrington re: extension of time for discovery |
| J. Sheak | 05/09/94 | 0.25 | 53.75 | letter A. Harrington re: discovery |
| J. Sheak | 06/08/94 | 0.25 | 53.75 | telephone calls Annice Harrington & Don Bailey re: depositions |
| J. Sheak | 06/09/94 | 0.25 | 53.75 | telephone call Leo Jordan re: depositions |
| J. Sheak | 06/14/94 | 0.25 | 53.75 | letter D. Bailey re: depositions |
| J. Sheak | 06/14/94 | 0.25 | 53.75 | letter L. Jordan re: depositions |
| J. Sheak | 06/16/94 | 0.25 | 53.75 | letter D. Bailey re: depositions |
| J. Sheak | 06/16/94 | 0.25 | 53.75 | telephone call Don Bailey re: depositions |
| J. Sheak | 06/16/94 | 0.25 | 53.75 | telephone call L. Jordan re: depositions |
| J. Sheak | 06/17/94 | 0.25 | 53.75 | telephone call D. Bailey re: Arthur deposition |
| J. Sheak | 06/24/94 | 0.50 | 107.50 | letter Don Bailey re: discovery |
| J. Sheak | 06/30/94 | 1.00 | 215.00 | letter D. Bailey re: depositions & various matters |

| ATTORNEY | DATE | HOURS | VALUE | DESCRIPTION |
|---|---|---|---|---|
| J. Sheak | 07/06/94 | 0.75 | 161.25 | telephone call Don Bailey re: depositions |
| J. Sheak | 07/07/94 | 0.25 | 53.75 | letter Leo Jordan re: discovery |
| J. Sheak | 07/07/94 | 0.50 | 107.50 | letter Don Bailey re: discovery |
| J. Sheak | 07/12/94 | 0.25 | 53.75 | letter Don Bailey re: Fishman depositions |
| J. Sheak | 07/14/94 | 0.25 | 53.75 | letter D. Bailey re: depositions |
| J. Sheak | 07/14/94 | 0.25 | 53.75 | letter L. Jordan re: depositions |
| J. Sheak | 07/14/94 | 0.25 | 53.75 | telephone call Leo Jordan re: depositions |
| J. Sheak | 08/04/94 | 0.25 | 53.75 | telephone calls L. Jordan & R. Fishman re: depositions |
| J. Sheak | 08/08/94 | 0.25 | 53.75 | letter D. Bailey re: deposition |
| J. Sheak | 08/08/94 | 0.10 | 21.50 | letter D. Bailey re: Fishman deposition |
| J. Sheak | 08/11/94 | 0.25 | 53.75 | telephone call Leo Jordan re: discovery |
| J. Sheak | 08/11/94 | 0.25 | 53.75 | letter Don Bailey re: discovery |
| J. Sheak | 08/18/94 | 0.25 | 53.75 | letter Don Bailey re: Giddings deposition |
| J. Sheak | 09/02/94 | 0.25 | 53.75 | letter D. Bailey re: deposition schedule |
| J. Sheak | 09/16/94 | 0.25 | 53.75 | telephone call Leo Jordan re: depositions |
| J. Sheak | 09/16/94 | 0.50 | 107.50 | letter Don Bailey re: depositions |
| J. Sheak | 09/22/94 | 0.50 | 107.50 | telephone call L. Jordan/letter D. Bailey |
| J. Sheak | 09/27/94 | 0.50 | 107.50 | letter D. Bailey re: settlement conference & depositions |
| J. Sheak | 09/29/94 | 0.25 | 53.75 | telephone call Leo Jordan re: depositions |

| ATTORNEY | DATE | HOURS | VALUE | DESCRIPTION |
|----------|------|-------|-------|-------------|
| J. Sheak | 09/29/94 | 0.25 | 53.75 | letter Don Bailey re: conference & depositions |
| J. Sheak | 10/20/94 | 0.25 | 53.75 | letter D. Bailey re: depositions |
| J. Sheak | 10/26/94 | 0.20 | 43.00 | letter D. Bailey re: depositions |
| J. Sheak | 10/27/94 | 0.50 | 107.50 | telephone call D. Bailey re: depositions |
| J. Sheak | 10/27/94 | 0.10 | 21.50 | telephone call L. Jordan re: depositions |
| J. Sheak | 10/28/94 | 0.30 | 64.50 | letter D. Bailey re: depositions |
| J. Sheak | 10/28/94 | 0.20 | 43.00 | telephone call Leo Jordan re: depositions |
| J. Sheak | 10/31/94 | 0.40 | 86.00 | letter D. Bailey re: discovery |
| J. Sheak | 11/03/94 | 0.20 | 43.00 | letter Don Bailey re: depositions |
| J. Sheak | 11/10/94 | 0.30 | 64.50 | letter D. Bailey re: depositions |
| J. Sheak | 11/17/94 | 0.10 | 21.50 | letter D. Bailey re: depositions |
| J. Sheak | 11/17/94 | 0.30 | 64.50 | telephone call Don Bailey re: depositions |
| J. Sheak | 11/21/94 | 0.20 | 43.00 | telephone call Leo Jordan re: depositions |
| J. Sheak | 11/23/94 | 0.20 | 43.00 | letter D. Bailey re: deposition schedule |
| J. Sheak | 11/30/94 | 0.20 | 43.00 | letter D. Bailey re: Lewis deposition |
| J. Sheak | 12/02/94 | 0.50 | 107.50 | letter D. Bailey re: depositions |

**TOTAL**                                      17,372.00

## APPENDIX B
### SUMMARY FROM KLEHR, HARRISON RECORDS
### EXPENSES INCURRED IN DEFENDING E.D.P.A. NO. 93–3160

**COSTS INCURRED IN 1993**

| | |
|---|---|
| Photocopying | 226.25 |
| Postage | 12.67 |
| Long Distance Telephone Charge | 14.46 |
| Telecopy Line Charges | 17.85 |
| SubTotal | 271.23 |

**COSTS INCURRED IN 1994**

| | |
|---|---|
| Photocopying | 1,043.25 |
| Postage | 141.59 |
| Long Distance Telephone Charge | 33.39 |
| Telecopy Line Charges | 159.94 |
| SubTotal | 1,378.17 |
| **TOTAL** | 1,649.40 |