BABY DOE, et al.

v.

**METHACTON SCHOOL
DISTRICT, et al.**

Civil Action No. 94–CV–0244.

United States District Court,
E.D. Pennsylvania.

March 28, 1996.

Stuart R. Silver, Bernstein, Silver, & Gardner, Philadelphia, PA, for Plaintiffs.

Eileen Epley Wiggons, Philadelphia, PA, for Defendant, Gregory DiFonzo.

Andrew S. Rosen, Assistant General Counsel, Philadelphia, PA, for Defendants Phila. School District & Michael Giamo.

Dennis J. O'Leary, White and Williams, Philadelphia, PA, for Defendant John Klock.

Joseph T. Bodell, Jr., Louis Bove, Swartz, Campbell & Detweiler, Philadelphia, PA, for Defendant Gerald Raske.

Joseph F. McNulty, Jr., Post & Schell, Philadelphia, PA, for Defendant McConnell.

Andrew A. Borek, John M. Donahue, Robert R. Harris, Harris & Silverman, Philadelphia, PA, and Rosemary Mullaly, Curtin & Heefner, Doylestown, PA, for Defendant Methacton School District.

### MEMORANDUM

JOYNER, District Judge.

On February 13, 1996, this Court granted summary judgment in favor of Defendants Methacton School District, Gerald Raske, John Klock and J. Russell McConnell on the claims asserted against them by Plaintiffs Baby Doe and her family.[1] Now, in two

---

1. The Complaint included claims against several other defendants who have since settled with Plaintiffs.

separate motions, the District and the individual Defendants seek recovery of their attorney's fees and costs pursuant to 42 U.S.C. § 1988. In response, Plaintiffs cross-move for sanctions under Fed.R.Civ.P. 11.

In brief, Plaintiffs' claims against Defendants were that they deprived Baby Doe of her civil rights under 42 U.S.C. § 1983 with respect to their termination of a teacher who had engaged in an inappropriate relationship with a student. That teacher subsequently was hired by the Philadelphia School District and fourteen years later sexually assaulted his student, Baby Doe.

Initially, we partially denied Defendants' Motion to Dismiss, holding that Plaintiffs had adequately pleaded the existence of a policy, procedure or custom that showed deliberate indifference to her constitutional rights. We relied on the allegations that Defendants were aware of the teacher's pedophilic predilections and yet engaged in a cover-up of the charges against him, permitted him to resign for "personal reasons," and gave a "satisfactory" recommendation to the Philadelphia School District. Second, we ruled that Plaintiffs had adequately alleged a "but for" relationship between this alleged policy, practice or custom and the harm Baby Doe suffered, in that if Defendants had acted properly, the teacher would not have been hired by the Philadelphia School District and then would not have been in the position to assault Baby Doe years later. Further, we rejected Defendants' immunity arguments. We did, however, dismiss a different § 1983 claim that Defendants had an affirmative duty to protect Baby Doe.

Following discovery, Defendants moved for a summary judgment. We ruled that they were entitled to such a judgment because Plaintiffs had failed to demonstrate a question of material fact on the causation issue. We found that there was no "but for" causation because the incident between Baby Doe and the teacher was too remote from Defendants' actions to have been caused by those actions. We also held that Plaintiffs had not presented evidence to suggest that Defendants' termination procedures, even if constitutionally inadequate, encouraged or furthered the teacher's actual abuse of children.

■ Now we are faced with Defendants' Motion for attorney's fees and costs under 42 U.S.C. § 1988 and Fed.R.Civ.P. 54(d). 42 U.S.C. § 1988(b) gives the prevailing party in a civil rights action the ability to receive reasonable attorney's fees from a litigant as part of the costs of suit. *Brown v. Borough of Chambersburg,* 903 F.2d 274, 277 (3d Cir. 1990). Prevailing defendants, however, can only receive attorney's fees if the district court finds that the plaintiff's "claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). Attorney's fees should not be granted simply because the plaintiff lost the case. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

To recover, a prevailing defendant need not demonstrate that the plaintiff acted in bad faith. *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 503 (3d Cir.1991). However, courts should be cautious in awarding attorney's fees against plaintiffs for fear of chilling the exercise of constitutional rights. *Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir.1994); *Kutska v. California State College,* 564 F.2d 108, 110 (3d Cir.1977). Further, courts are reluctant to make awards when there is the possibility that the plaintiff had a good faith belief in the merits of the claims. *Maag v. Wessler,* 993 F.2d 718, 721 (9th Cir.1993); *Rounseville,* 13 F.3d at 632 (circumstantial evidence, even if ultimately groundless, can merit initiation of action).

■ With this framework in mind, we turn to Defendants' Motions. They argue that one of Plaintiffs' claims was dismissed at the Motion to Dismiss level and that the remaining claim, under § 1983, was dismissed at summary judgment. They argue that the § 1983 claim was groundless because no court had ever granted relief for a plaintiff on such a claim and that Plaintiffs, represented by counsel, were aware that there was no causation between Defendants' actions and Baby Doe's harm. Finally, the individual Defendants contend that they were at all

times immune from suit, and that therefore, any claims against them were frivolous.

In response, Plaintiffs point out that this Court largely denied the Motion to Dismiss. This allegedly encouraged their belief that their claims had merit. Plaintiffs also point to the fact that their response to the Motion for Summary Judgment contained 25 exhibits and was sixty-one pages long. They also inform the Court that Defendants themselves encouraged Plaintiffs' belief in the merits of their claims by requesting mediation and actively participating in settlement discussions.

Upon careful consideration, we find that Plaintiffs' claims were not frivolous, unreasonable or groundless or that Plaintiffs continued to litigate after the claims became so. In coming to this conclusion, we rely on the fact that Plaintiffs' claims survived the Motion to Dismiss and that Plaintiffs attempted to present evidence to support their position on the Motion for Summary Judgment. That Plaintiffs were ultimately unable to create an issue of fact does not demonstrate that their claims were groundless. We did not rely, though, on the mere length of Plaintiffs' response to the Motion for Summary Judgment or the number of exhibits submitted. Finally, our partial denial of Defendants' Motion to Dismiss is evidence that Plaintiffs reasonably continued to litigate their claims.

Because we find that there is no evidence that Plaintiffs' claims against Defendants were frivolous, unreasonable or groundless, we do not award Defendants attorney's fees and costs under § 1988.

■ We turn now to Plaintiffs' Cross-Motion for attorney's fees under Fed.R.Civ.P. 11. They contend that Defendants were well aware that Plaintiffs' claims were legitimate and therefore, this Motion for attorney's fees is intended to harass or oppress Plaintiffs. We, however, see no evidence to support Plaintiffs' allegations that Defendants had no genuine basis for making this Motion. This Court did, after all, grant summary judgment in Defendants' favor by a ruling that there was no evidence of causation between their actions and Plaintiffs' harm. This could have indicated to Defendants that Plaintiffs' claims were groundless. For this reason, we find that ordering a show cause hearing under

Fed.R.Civ.P. 11 is unnecessary and we Deny Plaintiffs' cross-motion.

An appropriate Order follows.

### ORDER

AND NOW, this 28th day of March, 1996, upon consideration of the Motion of Prevailing Defendant Methacton School District for Attorney's Fees and Costs According to 42 U.S.C. Section 1988 and the Motion of Defendants, Gerald Raske, John Klock and J. Russell McConnell, for Attorneys' Fees pursuant to 42 U.S.C. Section 1988 and responses thereto, the Motions are hereby DENIED.

Further, upon consideration of Plaintiffs' Cross-Motions for Attorney's Fees against all Defendants, the Cross-Motions are hereby DENIED.